UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND<br><br>Petitioner,<br><br>v.<br><br>COTTONWOOD RESIDENTIAL O.P., LP; COTTONWOOD RESIDENTIAL II, INC.; AND COTTONWOOD SUGARMONT, LLC,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS PETITION TO ENFORCE ARBITRAL SUBPOENAS (DOC. NO. 11)**<br><br>Case No. 2:22-mc-00383<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Petitioners Zurich American Insurance Company ("Zurich") and Fidelity and Deposit Company of Maryland ("F&D," collectively "Petitioners") filed a petition pursuant to Section 7 of the Federal Arbitration Act ("FAA") to enforce three arbitral subpoenas issued to Respondents Cottonwood Residential O.P, LP; Cottonwood Residential II, Inc.; and Cottonwood Sugarmont, LLC (collectively, "Cottonwood"). (Pet. to Enforce Arbitral Subpoenas ("Pet."), Doc. No. 2.) Cottonwood seeks to dismiss the petition for lack of subject-matter jurisdiction and for failure to state a claim.[1] (Mot. to Dismiss Pet. to Enforce Arbitral Subpoenas ("Mot."), Doc. No. 11.) Because the court lacks subject-matter jurisdiction, the dismissal motion is granted.[2]

---

[1] No hearing is necessary; this ruling is based on the parties' written memoranda. *See* DUCivR 7-1(g).

[2] It is unclear whether a petition to enforce an arbitration subpoena is a dispositive or non-dispositive matter. *See Int'l Union of Painters & Allied Trades v. Clearview Glass & Glazing*, No. 3:20-mc-00021, 2020 U.S. Dist. LEXIS 232331, at *1 n.1 (M.D. Tenn. Dec. 10, 2020) (unpublished). Some courts treat these petitions as non-dispositive, while others find they are

1

BACKGROUND

The underlying arbitration, *Ascent Construction, Inc., v. Sugarmont, LLC, v. Zurich American Insurance Co., Fidelity and Deposit Company of Maryland*, JAMS Case No. 1110025623, pertains to breach of contract claims between Ascent Construction and Sugarmont, LLC arising from Ascent Construction's termination as a general contractor from a $62,750,000 construction project. (Pet. 2, Doc No. 2; Resp. to Mot. to Dismiss Pet. to Enforce Arbitral Subpoenas ("Opp'n) 3 n.2, Doc. No. 13.) Zurich served as Ascent Construction's surety provider and issued payment and performance bonds related to the construction project. (Pet. 2, Doc. No. 2.) After Ascent's termination, Sugarmont made a claim on Zurich's performance bond. (*Id.* at 2–3.) Petitioners are parties to the arbitration. (*Id.* at 2.) But none of the respondents are parties to that underlying proceeding. (Mot. 2, Doc. No. 11.)

In the underlying arbitration proceeding, the arbitrator issued three subpoenas to Cottonwood requiring it to produce documents before the arbitration hearing. (*Id.* at 2; Ex. 1 to Pet., Doc. No. 2-1.) Petitioners filed a petition seeking enforcement, alleging Cottonwood failed to comply with these subpoenas. (*See* Pet., Doc. No. 2.) Cottonwood responded to the petition by filing a motion to dismiss. Cottonwood argues the petition must be dismissed for lack of subject-matter jurisdiction, because the relief sought is not authorized by Section 7 of the FAA, and because it has already complied with the subpoenas.³ (*See generally* Mot., Doc. No. 11.)

---

dispositive. *See Westlake Vinyls, Inc. v. Resolute Mgmt., Inc.*, 2018 U.S. Dist. LEXIS 220517, at *1–3 (W.D. Ky. Aug. 21, 2018) (unpublished). In the absence of binding legal authority on this point, this order is issued as a memorandum decision. But if the district judge determines this is a case-dispositive decision, he may review any objections under the clear error standard. *See, e.g.*, *Int'l Union of Painters & Allied Trades*, 2020 U.S. Dist. LEXIS 232331, at *1 n.1.

³ Where the petition must be dismissed for lack of subject-matter jurisdiction, Cottonwood's argument relating to its compliance and its claim that the relief sought is not authorized by the

## LEGAL STANDARDS

Section 7 of the FAA permits arbitrators to "summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7. If the person "summoned to testify shall refuse or neglect to obey said summons," a district court, upon petition, may compel the attendance of such person before the arbitrator. *Id.*

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits dismissal of a case for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction is a "constitutional prerequisite to hearing a case." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). Even in the absence of a challenge, the court has an "independent obligation to determine whether subject-matter jurisdiction exists." *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Because federal courts have limited jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal

---

FAA are not addressed. However, a majority of the circuit courts to have addressed the issue have concluded Section 7 of the FAA does not permit pre-arbitration discovery from nonparties. It only permits arbitrators to compel nonparties to attend the arbitration proceeding with the requested documents in hand. *See Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1159–60 (11th Cir. 2019); *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 708 (9th Cir. 2017); *Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 216–17 (2d Cir. 2008); *Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 411 (3d Cir. 2004). *But see Sec. Life Ins. Co. of Am. v. Duncanson & Holt (in Re Sec. Life Ins. Co. of Am.)*, 228 F.3d 865, 870–71 (8th Cir. 2000) (holding Section 7 gives arbitrators implicit "power to order the production of relevant documents for review by a party prior to the hearing"); *Am. Fed'n of TV & Radio Artists v. WJBK-TV*, 164 F.3d 1004, 1009 (6th Cir. 1999) (finding a labor arbitrator authorized to compel a third party to produce documents before an arbitration hearing, pursuant to the Labor Management Relations Act); *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 276 (4th Cir. 1999) (noting a party may be able to compel pre-arbitration discovery "under unusual circumstances" and "upon a showing of special need or hardship").

3

jurisdiction has the burden of proof. *Id.* Subject-matter jurisdiction may be based on federal-question jurisdiction (28 U.S.C. § 1331) or diversity jurisdiction (28 U.S.C. § 1332). If the court determines it lacks subject-matter jurisdiction at any time in the litigation, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

To proceed, Petitioners must establish the court has subject-matter jurisdiction over their petition. They have failed to do so. Because Petitioners' allegations are insufficient to demonstrate either federal-question jurisdiction or diversity jurisdiction, the petition must be dismissed.

### I.     *Federal-Question Jurisdiction*

The court lacks federal-question jurisdiction under 28 U.S.C. § 1331. To demonstrate federal-question jurisdiction, "the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks omitted). To do so, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises[] and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

Here, the petition arises under Section 7 of the FAA. The FAA creates substantive law regarding arbitrations, but "does not create any independent federal-question jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). Because of this, "there must be diversity of citizenship or some other independent basis for federal jurisdiction before a federal court can act under the FAA." *P & P Indus., Inc. v. Sutter Corp.*,

179 F.3d 861, 866 (10th Cir. 1999) (internal quotation marks omitted). Petitioners concede that because the FAA does not independently create federal jurisdiction, there is no federal-question jurisdiction. (*See* Opp'n 5, Doc. No. 13.)

II. *Diversity Jurisdiction*

Federal district courts have diversity jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and there is complete diversity. 28 U.S.C. § 1332(a). Cottonwood argues there is not complete diversity in this case. (Mot. 5–6, Doc. No. 11.) Diversity means that "no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). For complete diversity in this case, no Respondent (Cottonwood Residential O.P., LP; Cottonwood Residential II, Inc.; and Cottonwood Sugarmont, LLC) can be a citizen of the same state as either petitioner (Zurich and F&D).

"[A] corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg*, 805 F.3d at 905. The citizenship of a limited partnership is determined by the citizenship of all of its partners, both limited and general. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004); *Mgmt. Nominees v. Alderney Invs., LLC*, 813 F.3d 1321, 1324 (10th Cir. 2016). And an individual is a citizen of the state in which she is domiciled. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). A person is domiciled in a state "when the person resides there and intends to remain there indefinitely." *Id.* Residence in a state "creates a presumption of domicile" and a presumption of citizenship—although it does not establish citizenship. *Heck v. Sutcliffe*, No. 13-2264, 2013 U.S. Dist. LEXIS 148697, at *4 (D. Kan. Oct. 16, 2013) (unpublished); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514,

519 (10th Cir. 1994). This presumption shifts the burden to the other party to establish the state of residence is not the state of domicile. *State Farm Mut. Auto Ins. Co.*, 19 F.3d at 519; *see also Davis & Assocs., PC v. Westchester Fire Ins. Co.*, No. 10-cv-03126, 2011 U.S. Dist. LEXIS 109042, at *7–8 (D. Colo. Sep. 26, 2011) (unpublished) ("This presumption places the burden of coming forward with contrary evidence on the party who seeks to prove domicile in a different state.").

Petitioners allege Zurich is a New York corporation with a principal place of business in Illinois, making it a citizen of those respective states. (Opp'n. 7, Doc. No. 13; *see also* Corp. Disclosure Statement, Doc. No. 12.) However, Cottonwood Residential O.P., LP, as a limited partnership, is a citizen of all of the states in which its partners are citizens. Several of Cottonwood Residential O.P., LP's limited partners are residents of New York and two are residents of Illinois. (Reply in Supp. of Mot. to Dismiss Pet. to Enforce Arbitral Subpoenas ("Reply") 5, Doc. No. 17; Geherty Decl. ¶¶ 6–9, Ex. 5 to Reply, Doc. No. 17-5.) Complete diversity is lacking where Zurich and Cottonwood Residential O.P., LP are citizens of the same states.[4] These facts, alone, require dismissal for lack of jurisdiction.

But additional facts also require dismissal. The parties dispute the citizenship of F&D at length. Cottonwood claims F&D is a Maryland corporation (accordingly, a Maryland citizen). (Mot. 5, Doc. No. 11.) Petitioners dispute this and contend F&D is an Illinois corporation. (Opp'n 7, Doc. No. 13.) The problem for Petitioners is that regardless of whether F&D is a Maryland corporation or an Illinois corporation, there is not complete diversity. If Cottonwood

---

[4] Cottonwood submitted a declaration indicating its individual limited partners reside in New York and Illinois. (Geherty Decl. ¶¶ 6–7, Ex. 5 to Reply, Doc. No. 17-5.) The fact that these individuals are noted to be "residents" rather than "citizens" of these states is of no consequence because residency creates a presumption of domicile which has not been rebutted. Moreover, two of the limited partners are New York corporations, not individuals. (*See id.* ¶¶ 8–9.)

is correct that F&D is a Maryland corporation, diversity is lacking because Cottonwood Residential II, Inc. is also a Maryland corporation. (Mot. 5, Doc. No. 11.) If F&D is an Illinois corporation, as alleged by Petitioners, (Opp'n 7, Doc. No. 13), there is still no diversity because two limited partners of Cottonwood Residential O.P., LP, are residents of Illinois, (Reply 5, Doc. No. 17; Geherty Decl. ¶ 6, Ex. 5 to Reply, Doc. No. 17-5). And, as noted above, residency creates a presumption of domicile and citizenship.

Because there is not complete diversity among the parties to this litigation, the court lacks subject-matter jurisdiction over the case and it must be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claim.")

## CONCLUSION

The court lacks subject-matter jurisdiction over the petition; Petitioners have not established either federal-question jurisdiction or diversity jurisdiction. Accordingly, Cottonwood's motion to dismiss, (Doc. No. 11), is granted and the petition is dismissed without prejudice.

DATED this 2nd day of August, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge